**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Karen A. Cunningham**, | Bankruptcy No. 15-25417 |
| Debtor. | Honorable Pamela S. Hollis |

**COVER SHEET FOR FINAL FEE APPLICATION OF**
**FACTORLAW FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Karen A. Cunningham |
| Period for Which Compensation is Sought: | November 1, 2016 – October 31, 2017 |
| Amount of Fees Sought: | $19,237.50 |
| Amount of Expense Reimbursement Sought: | $418.86 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $24,074.99.

{00090899 2}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Karen A. Cunningham**, | Bankruptcy No. 15-25417 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, December 8, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 16, 2017   **FactorLaw**

By: */s/ Ariane Holtschlag*
One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00090899 2}   2

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on November 16, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

/s/ Ariane Holtschlag

**Registrants**
(Service via ECF)

| | |
|---|---|
| Christina Banyon | cbanyon.law@gmail.com |
| Scott R Clar | sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Peter N Metrou | met.trustee7@att.net, met.trustee_backup@att.net,pnmlawyer@aol.com, pmetrou@ecf.epiqsystems.com |
| David A Shapiro | dshapiro@bronsonkahn.com |
| Thomas W Toolis | twt@jtlawllc.com, lld@jtlawllc.com;axb@jtlawllc.com;reception@jtlawllc.com |

{00090899 2}                                 3

| | | |
|---|---|---|
| Service List<br>Case 15-25417 | Bank of The West<br>PO Box 5172<br>San Ramon, CA 94583-5172 | Karen A. Cunningham<br>19640 Swanberg Lane<br>Mokena, IL 60448-1756 |
| ARS National Service<br>P.O. Box 469046<br>Escondido, CA 92046-9046 | American InfoSource LP as agent for<br>DIRECTV, LLC<br>PO Box 51178<br>Los Angeles, CA  90051-5478 | Associated Radiologists of Joliet<br>39069 Treasury Center<br>Chicago, IL 60694-9000 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank Of The West<br>Attn: Bankruptcy<br>Po Box 5172<br>San Ramon, CA 94583-5172 | Bank of the West<br>2527 Camino Ramon<br>San Ramon, CA 94583-4213 |
| Calvary Portfolio Services<br>Attention:  Bankruptcy Department<br>500 Summit Lake Dr. Suite 400<br>Valhalla, NY 10595-1340 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Cavalry SPV I, LLC Synchrony Bank/JCP<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 |
| Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Check Systems, Inc.<br>Attn: Customer Relations<br>7805 Hudson Road, Ste 100<br>Woodbury, MN 55125-1703 | Dean Cunningham<br>Five West Jefferson Street - Suite 200<br>Joliet, IL 60432-4409 |
| Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Fin Svcs Llc<br>Po Box 15316<br>Wilmington, DE 19850-5316 | Dr. Doug Vaselakos PSY.D.<br>700 Ravinia<br>Orland Park, IL 60462-3700 |
| Dr. Stephen M. Heaney<br>64 Orland Square<br>Suite 216<br>Orland Park, IL 60462-6544 | EMS Strategies<br>P.O. Box 1208<br>Bedford Park, IL 60499-1208 | Equifax Information Services, LLC<br>P.O. Box 740256<br>Atlanta, GA 30374-0256 |
| Experian<br>P.O. Box 9701<br>Allen, TX 75013-9701 | Financial Services<br>P.O. Box 851001<br>Dallas, TX 75285-1001 | GECRB/JC Penny<br>Attention:  Bankruptcy<br>Po Box 103104<br>Roswell, GA 30076-9104 |
| Kohls/capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 | Merchants & Medical<br>Credit Corporation<br>6324 Taylor Drive<br>Flint, MI 48507-4685 | (p)NEW CENTURY FEDERAL CREDIT UNION<br>1910 FERRO DR<br>NEW LENOX IL 60451-3506 |

| | | |
|---|---|---|
| Patricia Burke<br>8818 W. 175th St.<br>Tinley Park, IL 60487-6105 | Silver Cross<br>P.O. Box 739<br>Moline, IL 61266-0739 | Silver Cross Hospital<br>1900 Silver Cross Blvd<br>Attn Patient Accounts<br>New Lenox, IL 60451-9509 |
| Surgical Consultants<br>2 Uno Circle<br>1st Floor<br>Joliet, IL 60435-6656 | TransUnion Consumer Solutions<br>P.O. Box 2000<br>Chester, PA 19022-2000 | UNITED RECOVERY SYSTEMS<br>PO BOX 722910<br>Houston, TX 77272-2910 |
| US DEPT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON WI 53708-8973 | Us Dept Of Ed/glelsi<br>Po Box 7860<br>Madison, WI 53707-7860 | V&R Behavioral<br>700 Ravinia<br>Orland Park, IL 60462-3847 |
| Weltman, Weinberg & Reis Co, LPA<br>PO Box 93596<br>Cleveland, OH 44101-5596 | | |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Karen A. Cunningham**, | Bankruptcy No. 15-25417 |
| Debtor. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "***FactorLaw***"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Karen A. Cunningham (the "***Debtor***"), hereby submits its final application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$19,237.50** for legal services performed by FactorLaw during the period of November 1, 2016 through October 31, 2017 (the "***Application Period***") and **$418.86** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00090899 2} 4

## BACKGROUND

### I. The Bankruptcy Case.

4. On July 27, 2015, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. The Court approved the Trustee's retention of FactorLaw on October 30, 2015.

7. Among the assets of the Estate are a preferential transfer from the Debtor to Panos & Associates, LLC ("**Panos**"); a fraudulent transfer from the Debtor to her mother, Patricia Burke ("**Burke**") and a judgment against the Debtor's former spouse, Dean Cunningham ("**Dean**").

### II. Preference Recovery from Panos.

8. Prior to the Petition Date, the Debtor retained Panos to represent her in connection with a petition for dissolution of marriage filed by Dean and against the Debtor on September 21, 2010, commencing case number 2010D0001846 in the Circuit Court of Will County (the "**Divorce Proceeding**").

9. On or about May 26, 2015, the Debtor paid Panos the sum of $103,749.53 as compensation for services in connection with the Divorce Proceeding (the "**Preference**").

10. On November 20, 2015, the Trustee filed an adversary complaint seeking to recover the Preference from Panos.

11. Thereafter Panos brought a motion to dismiss the Adversary Proceeding asserting an "earmarking" defense, Adv. Dkt. No. 7, which was fully briefed and denied by this Court on April 1, 2016, Adv. Dkt. No. 18.

12. On June 20, 2016, the Trustee filed a motion to approve settlement of the Panos Preference for $40,000 plus waiver of Panos' claim. which was granted by this Court on July 15, 2016.

13. On or about May 12, 2017 the Trustee received the final installment payment from Panos and the $40,000 settlement is now paid in full.

### III. Fraudulent Transfer Recovery from Burke.

14. In connection with the Divorce Proceeding, the Debtor received $65,248.09 as a property distribution.

15. The Debtor then signed the distribution checks over to her mother, Burke (the "*Transfers*").

16. Burke then endorsed and deposited the distribution checks into her own bank account.

17. The Debtor did not disclose the property distributions or the Transfers on her original Schedule B or Statement of Financial Affairs, see Dkt. No. 1.

18. On July 27, 2016, the Debtor filed an Amended Schedule A/B, listing an alleged interest a "Maintenance and child support distribution" in the amount of "$65,248.09." *See* Dkt. No. 34.

19. However, at the same time, the Debtor also filed an Amended Statement of Financial Affairs, listing on line 10 the "$65,248.09," as having been transferred to her mother, Patricia N. Burke. *See* Dkt. No. 35.

20. Presumably the Amended Schedule A/B and Amended Statement of Financial Affairs are referring to the same $65,248.09.

21. Also on July 27, 2016, the Debtor filed an Amended Schedule C asserting the Funds are fully exempt as her "right to receive…alimony, support, or separate maintenance" under 735 ILCS 5/12-1001(g)(4). *See* Dkt. No. 34.

22. On August 26, 2016, the Trustee filed his Objection to Debtor's Claim of Exemptions (the "*Objection*"), *see* Dkt. No. 39, and thereafter a briefing schedule was set with respect to the Objection, *see* Dkt. No. 41.

23. On September 28, 2016, the Trustee filed a motion to approve settlement of the Burke Transfers for $45,000 which was granted by this Court on October 21, 2016.

24. The full settlement sum has been received from Burke.

## IV. Judgment Collection from Dean.

25. In connection with the Divorce Proceeding a judgment (the "*Judgment*") was entered against Dean and in favor of the Debtor for $55,000, representing the Debtor's one-half interest in certain marital property dissipated by Dean prior to or during the Divorce Proceeding.

26. The Judgment was entered in Will County, however, Dean subsequently relocated to Cook County.

27. FactorLaw registered the Judgment in Cook County and commenced post-judgment collection proceedings against Dean. FactorLaw recovered a total of $40,865.35 on the Judgment.

## FEE APPLICATION

## I. Services performed.

28. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

29. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

{00090899 2} 7

30. FactorLaw spent a total of 80.5 hours at a cost of $19,237.50 in connection with this Case during the Application Period.

31. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $375 | 0.5 | $187.50 |
| Ariane Holtschlag | Associate | $275[1] | 46.8 | $12,677.50 |
| Thomas H. Griseta | Associate | $200 | 30.6 | $6,120.00 |
| Samuel Rodgers | Paralegal | $100 | 2.3 | $230.00 |
| Usha Balasubramaniam | Paralegal | $75 | 0.3 | $22.50 |
| | | **Totals:** | **80.5** | **$19,237.50** |

B. *Itemization of fees by category of Services rendered.*

32. **Judgment Collection from Dean.** FactorLaw spent a total of 69.3 hours at a cost of $16,162.50 domesticating the Estate's judgment against Dean in Cook County, preparing and prosecuting citations against Dean.

33. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $275 | 36.1 | $9,790.00 |
| Thomas H. Griseta | Associate | $200 | 30.6 | $6,120.00 |
| Samuel Rodgers | Paralegal | $100 | 2.3 | $230.00 |
| Usha Balasubramaniam | Paralegal | $75 | 0.3 | $22.50 |

---

[1] Travel time is billed at one-half the professional's hourly rate.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | 69.3 | $16,162.50 |

34. **Case Administration.** FactorLaw spent a total of 11.2 hours at a cost of $3,075.00 on matters relating to case administration.

35. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $375 | 0.5 | $187.50 |
| Ariane Holtschlag | Associate | $275 | 10.7 | $2,887.50 |
| | | Totals: | 11.2 | $3,075.00 |

II. **Expenses**

36. FactorLaw incurred $418.86 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

37. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

III. **FactorLaw's retention was appropriate through the Application Period**

38. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

39. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

40. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

41. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

42. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar'

figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

43. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

44. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

45. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $238.98. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$19,237.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$418.86**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$19,656.36**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: November 16, 2017                                            **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00090899 2}                                             12